Case 7:12-cr-00265 Document 9 Filed in TXSD on 03/07/12 Page 1 of 3

4

United States District Court
Southern District of Texas
FILED

MAR 7 2012

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | Criminal No. **M-12-0265** |
| | § | |
| EDGAR HINOJOSA | § | |
| also known as EWOK | § | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One

From on or about April 20, 2009 and continuing up to and including the date of the return of the indictment, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**EDGAR HINOJOSA,
also known as EWOK**

did knowingly and intentionally conspire and agree with other person or persons known and unknown to the Grand Jurors, to knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

### Count Two

On or about April 20, 2009, in the Southern District of Texas, and within the jurisdiction of the Court, defendant,

**EDGAR HINOJOSA,
also known as EWOK**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 23.7 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

As a result of the foregoing violations of Title 21, United States Code, defendant

**EDGAR HINOJOSA,**
**also known as EWOK**

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of his interest in all property constituting or derived from any proceeds the defendant obtained either directly or indirectly from said violations as well as all of his interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendant as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY